JOSEPH MOREAU *vs.* LEO PICARD.

JANUARY 12, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an action of the case for malicious prosecution which was tried by a jury and resulted in a verdict for the plaintiff for $448. The case is here on defendant's bill of exceptions. The only exception briefed and argued was to the refusal of the trial justice to direct a verdict for the defendant. The other exceptions are consequently considered to be waived.

In 1929 plaintiff bought an automobile from the defendant by a conditional sales agreement whereby defendant was entitled to repossess the property for plaintiff's failure to make any of the required payments. In 1930 plaintiff was in default on several payments and as the result of a

conference between defendant and plaintiff, the latter gave defendant as additional security a diamond ring. In the summer of 1930, while plaintiff was still in default on his payments, defendant went to Westport, Massachusetts, where plaintiff in the summer time conducted a restaurant. Plaintiff offered to surrender the car if defendant would return his diamond ring. This offer was refused and defendant sought to have plaintiff arrested. The police refused to take any action unless defendant brought an action of replevin. This the defendant refused to do. A few days later defendant at his home in Woonsocket, after advising with his counsel, procured the issuance of a criminal complaint against the plaintiff based on Chapter 803 of the Public Laws of 1926, which provides a penalty for concealment with intent to defraud of personal property received upon a written and conditional contract of sale. Plaintiff was arrested in Westport on this warrant and was brought to Woonsocket and confined in the police station overnight until he secured bail. After three continuances in the district court, on October 24, 1930, when the complaint was about to be tried, the complainant Chief of Police of Woonsocket moved to continue the case. This motion was denied and the motion of respondent, the plaintiff herein, to dismiss the complaint for want of prosecution was granted. Defendant a few days before this time had repossessed the car which he found on the street in Woonsocket where plaintiff had temporarily left it. Defendant then notified the police that he had no further interest in the criminal prosecution.

There is ample evidence to sustain the charge of malicious prosecution. Defendant seeks to defend this action on the ground that he relied and acted on the advice of his counsel. There is some evidence tending to show that he did not fully and fairly state his entire case to his counsel. But, whether he did or not, it appears from the testimony that defendant made certain false statements of fact to the Chief of Police and thereby secured the issuance of the criminal complaint.

Defendant contends that plaintiff has no legal cause of action because the criminal case was discontinued upon his own motion and with his consent. In the circumstances the plaintiff is not barred by demanding and consenting to the discontinuance of the criminal complaint. *Lee* v. *Jones,* 44 R. I. 151.

The rule of law as stated in 38 C. J. at p. 442, which is supported by the weight of authority, is that the dismissal of the proceedings complained of, either voluntarily or by reason of a failure to prosecute, followed by the discharge of accused, is in general a sufficient termination thereof to support the action of malicious prosecution. The reason for the rule as stated in 18 R. C. L., p. 23, § 12, is that: "To require a trial of the action on the merits resulting in an acquittal would be to permit a prosecutor to do all the damage which a malicious prosecution can possibly effect, and then deny the accused the opportunity to vindicate himself by a trial, by having the proceeding quashed or dismissed, and thus escaping all liability for the wrong unlawfully inflicted. So, as a general rule, all that is required is that there be an end to the particular proceeding."

There is evidence to support the finding that defendant wrongfully and without just grounds started a criminal prosecution to enable him to repossess the automobile he had sold and that having secured the automobile he paid no further attention to the criminal prosecution. Defendant was guilty of a clear abuse of the criminal process of the courts.

All defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Eugene L. Jalbert, Berthelot A. Leclaire,* for plaintiff.
*John R. Higgins, Sidney Silverstein,* for defendant.